## COMMONWEALTH OF VIRGINIA *v.* STATE OF WEST VIRGINIA.

### PETITION FOR A WRIT OF EXECUTION.

No. 2, Original. Submitted June 5, 1916.—Decided June 12, 1916.

A State should be given an opportunity to accept and abide by the decision of this court; and, in a case in which the legislature has not met in regular session since the rendition of the decision, motion for execution will be not granted, but denied without prejudice to renew after the next session of the legislature.

THE facts are stated in the opinion.

*Mr. John Garland Pollard,* Attorney General of the State of Virginia, for complainant.

*Mr. A. A. Lilly,* Attorney General of the State of West Virginia, with whom *Mr. John H. Holt* was on the brief, for defendant.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In the original cause of *Commonwealth of Virginia* v. *State of West Virginia,* on June 14, 1915, a decree was rendered in favor of Virginia and against West Virginia for the sum of $12,393,929.50 with interest thereon at the rate

of five percentum from July 1st, 1915, until paid. 238 U. S. 202. Virginia now petitions for a writ of execution against West Virginia on the ground that such relief is necessary as the latter has taken no steps whatever to provide for the payment of the decree. West Virginia resists the granting of the execution on three grounds: (1) "Because the State of West Virginia, within herself, has no power to pay the judgment in question, except through the legislative department of her government, and she should be given an opportunity to accept and abide by the decision of this court, and, in the due and ordinary course, to make provision for its satisfaction, before any steps looking to her compulsion be taken; and to issue an execution at this time would deprive her of such opportunity, because her Legislature has not met since the rendition of said judgment, and will not again meet in regular session until the second Wednesday in January, 1917, and the members of that body have not yet been chosen;" (2) because presumptively the State of West Virginia has no property subject to execution; and (3) because although the Constitution imposes upon this court the duty, and grants it full power, to consider controversies between States and therefore authority to render the decree in question, yet with the grant of jurisdiction there was conferred no authority whatever to enforce a money judgment against a State if in the exercise of jurisdiction such a judgment was entered.

Without going further, we are of the opinion that the first ground furnishes adequate reason for not granting the motion at this time.

The prayer for the issue of a writ of execution is therefore denied, without prejudice to the renewal of the same after the next session of the legislature of the State of West Virginia has met and had a reasonable opportunity to provide for the payment of the judgment.

*And it is so ordered.*